UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

615 (Building) Company LLC,

                Plaintiff,

-against-

Louisa A. Smith,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/6/2024
```

24 Civ. 753 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Court is in receipt of Defendant *pro se* Louisa A. Smith's notice of removal, filed February 2, 2024.  ECF No. 1.  The notice is deficient in several ways.  First, it does not contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant," as required by 28 U.S.C. § 1446(a).  Second, a defendant must file a notice of removal "within 30 days after the receipt . . of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant."  28 U.S.C. § 1446(b)(1).  Defendant's notice of removal states that she "has sought for yearly three years to be heard in state court," suggesting that removal is untimely.  ECF No. 1 at 2.  Third, the notice does not indicate the basis for the Court's subject matter jurisdiction.

      The Court notes that Defendant is a barred attorney, and, accordingly, will not grant her the "special solicitude" usually afforded to *pro se* litigants.  *See Tracy v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010).  Defendant is directed to show cause, by filing a declaration by **February 13, 2024**, why this action should not be remanded to state court.  Defendant's declaration must allege facts addressing each issue identified in this order.  If Defendant fails to comply with this order within the prescribed time, the Court will remand this action under 28 U.S.C. § 1447(c) to the Supreme Court, New York County.

      SO ORDERED.

Dated: February 6, 2024
       New York, New York

                                                  ANALISA TORRES
                                         United States District Judge